IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TERRI CORNELL, | ) | |
| | ) | 19-cv-14 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Terri Cornell brings this action to secure redress from unlawful mortgage servicing practices engaged in by defendant Ocwen Loan Servicing, LLC ("Ocwen"). Plaintiff alleges violations of the Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. ("RESPA"), and breach of contract.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 1367, and 12 U.S.C. §2605.

3. Venue in this District is proper because defendant does or transacts business in this District.

## PARTIES

4. Plaintiff Terri Cornell is a resident of Lake County, Indiana. She resides in a single-family home of which she is an owner.

5. Defendant Ocwen Loan Servicing, LLC, is a limited liability company organized

1

under Delaware law with principal offices at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

6. Defendant Ocwen is servicer of the mortgage loan secured by plaintiff's home.

7. Defendant Ocwen services more than $1 million in residential loans.

## FACTS

8. Plaintiff was a debtor in a Chapter 13, case 10-25451 (N.D.Ind.) from November 24, 2010 to May 18, 2017. The plan was actually completed in September 2015. See docket (Appendix A).

9. The debts brought current through the plan included plaintiff's mortgage with Ocwen.

10. Plaintiff's current mortgage payments to Ocwen were also made through the trustee.

11. Ocwen filed a claim in the Chapter 13 (Appendix B);

12. On September 4, 2015, the Trustee issued a notice of final cure with respect to the Ocwen loan.  (Appendix C)

13. No objection or response was filed by Ocwen within the 21 days permitted (September 25, 2015). See Appendix A.

14. Bankrutpcy Rule 3002.1, "Notice Relating to Claims Secured by Security Interest in the Debtor," provides:

> (f) Notice of Final Cure Payment. Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure

payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.

(g) Response to Notice of Final Cure Payment. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

(h) Determination of Final Cure and Payment. On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (g) of this rule, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.

15. On October 27, 2015, Ocwen increased plaintiff's principal balance by $8,149.68.

16. There was no valid basis for Ocwen's action.

17. Such conduct is inconsistent with Ocwen's failure to respond to the notice of final cure. The notice stated that both the arrearage and the current payments, both of which had been made through the trustee, were current. The only activity after September 4, 2015 should have been normal administration of a current loan, using the numbers that existed on September 4, 2015.

18. On multiple occasions, plaintiff asked Ocwen to either explain its actions or reverse the increase:

      a. Letter of December 28, 2017 (Appendix D);

      b. Letter of August 9, 2018 (Appendix E);

      c. Letter of September 20, 2018 (Appendix F);

      d. Letter of October 23, 2018 (Appendix G).

19. Ocwen responded by vaguely suggesting that some error had occurred during the bankruptcy:

   a. Letter of January 12, 2018 (Appendix H);

   b. Letters of August 24, 2018 (Appendix I and Appendix J);

   c. Letter of October 2, 2018 (Appendix K);

   d. Letters of November 6, 2018 (Appendix L and Appendix M).

20. However, Ocwen's position is foreclosed by its failure to respond to the notice of final cure.

21. As a result of Ocwen's conduct, plaintiff suffered damages, including:

   a. Inflated mortgage balance;

   b. Damage to credit;

   c. Mental anguish, aggravation and distress;

   d. Deprivation of the "fresh start" assured by the Bankruptcy Code;

   e. Time spent attempting to correct the problem.

22. On information and belief, Ocwen's conduct was part of a pattern of failing to respond to customer's inquires and/or correcting its many servicing errors. This belief is based on the following:

   a. A large volume of customer complaints on the internet;

   b. Multiple complaints by and consent orders with governmental agencies, including those in Appendices N-Q.

   c. Multiple private complaints, e.g., *D'Alessandro v. Ocwen Loan Servicing, LLC*, 18cv1290, 2018 WL 2337158 (D.N.J., May 23, 2018).

## COUNT I – RESPA

23. Plaintiff incorporates paragraphs 1-22.

24. Appendices D-G each were a qualified written request as defined in the Cranston-Gonzales amendment to RESPA, 12 U.S.C. §2605(e).

25. In violation of its obligations under the Cranston-Gonzales amendment, defendant failed to take appropraite corrective action and failed to explain why corrective ation was not required.

26. 12 U.S.C. § 2605(e) provides:

**(e) Duty of loan servicer to respond to borrower inquiries**

**(1) Notice of receipt of inquiry**

**(A) In general**

**If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.**

**(B) Qualified written request**

**For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--**

**(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and**

**(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.**

>**(2) Action with respect to inquiry**
>
>**Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--**
>
>>**(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);**
>>
>>**(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes–**
>>
>>>**(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and**
>>>
>>>**(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or**
>>
>>**(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--**
>>
>>>**(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and**
>>>
>>>**(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower. . . .**

27. 15 U.S.C. § 2605(f) provides:

>**(f) Damages and costs**
>
>**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**
>
>>**(1) Individuals**

6

> **In the case of any action by an individual, an amount equal to the sum of--**
>
> **(A) any actual damages to the borrower as a result of the failure; and**
>
> **(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000. . . .**
>
> **(3) Costs**
>
> **In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      i.     Actual damages;

      ii.    Statutory damages;

      iii.   Attorney's fees, litigation expenses and costs of suit;

      iv.   Such other or further relief as the Court deems proper.

## COUNT II – BREACH OF CONTRACT

28.    Plaintiff incorporates paragraphs 1-22.

29.    Defendant breached its contract when it increased plaintiff's principal balance without legal basis.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      i.     A declaration as to the balance on plaintiff's loan;

      ii.    Actual damages;

7

      iii.      Costs of suit;

      iv.      Such other or further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

>           /s/ Daniel A. Edelman
>           Daniel A. Edelman

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\34673\Pleading\Complaint DAE 12-4-18_Pleading.WPD